IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPENCER L. COKER,                          )
                                           )
                    Petitioner,            )
                                           )
         v.                                )    Case No. 25-3144-JWL
                                           )
C. CARTER, Warden, FCI-Leavenworth,        )
                                           )
                    Respondent.            )
                                           )
_____)

# **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the calculation of his sentence. For the reasons set forth below, the Court **denies** the petition.

On April 13, 2022, petitioner was taken into custody by Texas state authorities to face drug charges. On September 1, 2022, the United States District Court for the Western District of Texas revoked petitioner's term of supervised release and sentenced him to a term of imprisonment of 60 months (Sentence I). He was subsequently indicted on federal drug charges in the United States District Court for the Northern District of Texas; and on June 30, 2023, that court sentenced petitioner to a term of imprisonment of 108 months, with the sentence to run concurrently with the Western District's 60-month sentence (Sentence II). That 108-month sentence was later reduced to 97 months.

Petitioner is presently imprisoned within this judicial district. On July 25, 2025, petitioner filed the instant petition. He claims that the federal Bureau of Prisons (BOP), in

calculating his sentence and release dates, has improperly denied him credit for 302 days of jail time, reflecting his time in custody from September 1, 2022 (when Sentence I was imposed), to June 29, 2023 (the day before Sentence II was imposed) – in other words, the time when only Sentence I was running. Respondent filed an answer to the petition, and petitioner has filed a reply, and the matter is therefore ripe for ruling.

Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner has not shown, however, that the BOP has violated federal law by failing to award petitioner credit for previous jail time.

Petitioner's claim that he has lost 302 days of prior jail time credit appears to arise from differences in two BOP sentence calculation documents. The first document, dated December 4, 2023, shows petitioner serving Sentence II, with a start date of June 30, 2023 (when that sentence was imposed), and with 443 days of prior jail credit time, running from April 13, 2022 (when petitioner was taken into custody), to June 29, 2023. The second document, dated February 27, 2025, shows petitioner serving an aggregated term of 8 years and 10 months and 29 days, with a start date of September 1, 2022 (when Sentence I was imposed), and with 141 days of prior jail credit time, running from April 13, 2022 (the custody date), to August 31, 2022. Petitioner notes that the jail credit number has been reduced from 443 to 141, and he argues that he has therefore lost 302 days of credit.

The discrepancy is easily accounted for, however, and it does not show that petitioner has been denied credit to which he is entitled. As respondent has explained and as the documents show, the BOP eventually aggregated petitioner's two concurrently-

running sentences, as it was required to do pursuant to 18 U.S.C. § 3584(c), into a single aggregate sentence of 8 years, 10 months, and 29 days.  That calculation was properly derived by running Sentence II from the date of its imposition and accounting for the overlap while both sentences were running concurrently.  While the first sentence calculation document refers to Sentence I and the date of that sentence's imposition, the second uses the aggregate sentence, which properly runs from the date of the first sentence.  The 302-day difference results from the use of the different start dates.  **In each case, however, petitioner has been given credit for all time spent in prison since his initial custody date of April 13, 2022.**  Accordingly, petitioner did not lose 302 days of credit between the dates of the two documents.

The BOP properly aggregated petitioner's sentence as required under Section 3584(c), and petitioner has been given credit for all possible time in custody under 18 U.S.C. § 3585(b).  Moreover, as respondent notes, Sentence II cannot have commenced in 2022, when Sentence I was imposed, because, as this Court has explained, a federal sentence cannot commence before the date of its imposition.  *See Walker v. Hudson*, 2024 WL 407469, at *1-2 (D. Kan. Jan. 12, 2024) (Lungstrum, J.) (citing cases).

Petitioner has therefore failed to show that the BOP violated federal law in calculating and administering his sentence, and accordingly, the Court denies the petition for habeas relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 25th day of September, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum  
Hon. John W. Lungstrum  
United States District Judge